IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


GLICENIA C. LOGAN                                                    PLAINTIFF

v.                                          Civil No. 2:19-CV-02116

SGT. CHRIS WATERS (Arkansas State                    DEFENDANTS
Police); SHELLPOINT/CONTRYWIDE/BANK
OF AMERICA (Trustee/Home Loan
Serv/Banking and Loans); SENIOR
CORPORAL MICHAEL SPRINGER
(Supervisor/Investigating Officer); JOYCE
BRADLEY BABIN/NATASHA GRAF
(Chapter 13 Standing/Case Worker Trustee);
CHIEF JUDGE BEN T. BARRY (United States
Bankruptcy Court); JOHN MICHAEL
RAINWATER/BRIAN LIGHT
(Lawyers/Attorney); ALLISON HOUSTON
(State Prosecutor's Office/Fort Smith
Prosecutor's Office); JUDGE FITZHUGH
(Judge District Court of Greenwood);
NATIONSTAR MORTGAGE; MR. COOPER
MORTHAGE (Mr. Cooper Mortgage
Company); DANA BYRUM (District IV
manager for Stat[e] of Arkansas); and NISSAN
MOTOR ACCEPTANCE CORP.


## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se*.  Currently before the Court is a Motion to Dismiss

for Failure to State a Claim by Defendant Nissan Motor Acceptance Corporation ("Nissan").  (ECF

No's 5, 6).


## I.  BACKGROUND

Plaintiff filed her Complaint on September 1, 2019.  (ECF No. 1).  Her allegations appear

to reference the condemnation of an unidentified parcel of real property.  (*Id.* at 5-6).  The entirety

of her claim is as follows:

1

"I Purchase the property in 2003 with my spouse, in 2004 I Started a Daycare to able to profit and make a Different, 2005-2006 Started Working on the building on the road to the daycare, got my daycare Address Register at 4513 Park Road next to my house, I send $500 to Bank of America in 2008 also I Survey the one Acre for the daycare Started my Garden and Rabbits farm to allowed the kids to eat healthy and allowed to to learn about the animal, they health, etc I pay about $75,000 within 10 years with all my work and Investment I have spend roughtlyabout $98,000

Due to lack of accountability of Shellpoint, attorney Countrywide, Bank of America, Brian Light, the judge and Court not listening to me know Fema Condemn the house till I fix it up know I have more than a sick spouse to think about his health but to put a roof over his head[.]"

(*Id*. at 5) (errors in original). Plaintiff seeks monetary damages in the amount of $250,000. (*Id*. at 6).

Nissan filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 9, 2019. (ECF No's 5, 6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires only that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. A pro se plaintiff's complaint is liberally construed, but still must allege sufficient facts to support the plaintiff's claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*)

(noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

## III.  ANALYSIS

Nissan argues Plaintiff's allegations fail to state a claim upon which relief can be granted because Plaintiff fails to mention Nissan or any alleged wrongdoing by Nissan in her allegations. (ECF No. 6 at 3).  Nissan is correct.  Plaintiff has not alleged any facts concerning Nissan in the body of her Complaint.  Instead, she merely listed Nissan as a Defendant in the caption of the case. Because Plaintiff's complaint does not allege specific facts showing anything Nissan did, or failed to do, that would give Plaintiff some right to relief against Nissan, her claims against Nissan must be dismissed.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Defendant Nissan's Motion to Dismiss for Failure to State a Claim (ECF No. 5) is GRANTED and Plaintiff's claims against that Defendant are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 13th day of November 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE