IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                                                              PLAINTIFF

v.                                    Civil No. 2:19-CV-02116

SGT. CHRIS WATERS (Arkansas State                                                                   DEFENDANTS
Police); SHELLPOINT/CONTRYWIDE/BANK
OF AMERICA (Trustee/Home Loan
Serv/Banking and Loans); SENIOR
CORPORAL MICHAEL SPRINGER
(Supervisor/Investigating Officer); JOYCE
BRADLEY BABIN/NATASHA GRAF
(Chapter 13 Standing/Case Worker Trustee);
CHIEF JUDGE BEN T. BARRY (United States
Bankruptcy Court); JOHN MICHAEL
RAINWATER/BRIAN LIGHT
(Lawyers/Attorney); ALLISON HOUSTON
(State Prosecutor's Office/Fort Smith
Prosecutor's Office); JUDGE FITZHUGH
(Judge District Court of Greenwood);
NATIONSTAR MORTGAGE; MR. COOPER
MORTHAGE (Mr. Cooper Mortgage
Company); DANA BYRUM (District IV
manager for Stat[e] of Arkansas); NISSAN
MOTOR ACCEPTANCE CORP.; FARM
CREDIT SERVICES OF WESTERN
ARKANSAS (Andrea Leding Regional Vice
President) and LATISHA MEADOWS (DHS
Administrative Review Officer)

**OPINION AND ORDER**

Plaintiff proceeds in this matter *pro se*. Currently before the Court is a Motion to Dismiss for Failure to State a Claim by Defendants Joyce Bradley Babin and Natasha Graf ("Trustee Defendants"). (ECF No's 10, 11).

# I. BACKGROUND

Plaintiff filed her Complaint on September 1, 2019. (ECF No. 1). Her sparse allegations appear to reference the condemnation of an unidentified parcel of real property. (*Id*. at 5-6). The entirety of her claim is as follows:

> "I Purchase the property in 2003 with my spouse, in 2004 I Started a Daycare to able to profit and make a Different, 2005-2006 Started Working on the building on the road to the daycare, got my daycare Address Register at 4513 Park Road next to my house, I send $500 to Bank of America in 2008 also I Survey the one Acre for the daycare Started my Garden and Rabbits farm to allowed the kids to eat healthy and allowed to to learn about the animal, they health, etc I pay about $75,000 within 10 years with all my work and Investment I have spend roughtlyabout $98,000
>
> Due to lack of accountability of Shellpoint, attorney Countrywide, Bank of America, Brian Light, the judge and Court not listening to me know Fema Condemn the house till I fix it up know I have more than a sick spouse to think about his health but to put a roof over his head[.]"

(*Id*. at 5) (errors in original). Plaintiff seeks monetary damages in the amount of $250,000. (*Id*. at 6).

The Trustee Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 9, 2019. (ECF No's 10, 11). In their Motion, they note that Plaintiff filed a Chapter 13 Bankruptcy case in the United States Bankruptcy Court for the Western District of Arkansas on March 9, 2015. (ECF No. 10 at 1). Defendant Babin served as the Chapter 13 Trustee for Plaintiff's bankruptcy case. (ECF No. 10 at 1-2). Defendant Graf served as the Trustee's Staff Attorney assigned to the Plaintiff's bankruptcy case. (ECF No. 10 at 2).

Plaintiff filed her Response on October 28, 2019. (ECF No. 28). Defendants Babin and Graf filed their Reply on October 25, 2019. (ECF No. 29).

# II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires only that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. A pro se plaintiff's complaint is liberally construed, but it must still allege sufficient facts to support the plaintiff's claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

## III.  ANALYSIS

The Trustee Defendants argue Plaintiff's allegations fail to state a claim upon which relief can be granted because Plaintiff fails to mention them or any alleged wrongdoing by the Trustee Defendants in her allegations. (ECF No. 10 at 2). They are correct. Plaintiff has not alleged any facts concerning the Trustee Defendants in the body of her Complaint. Instead, she merely listed them as Defendants in the caption of the case. Because Plaintiff's complaint does not allege specific facts showing anything the Trustee Defendants did, or failed to do, that would give Plaintiff some right to relief against them, her claims against the Trustee Defendants must be dismissed.[1]

---

[1] Defendants also argue that they are entitled to dismissal pursuant to the *Barton* doctrine and because they are entitled to immunity when performing their roles for the Bankruptcy Court. Due to the lack of facts provided in Plaintiff's Complaint, it is not necessary to address these arguments.

3

The Trustee Defendants further argue that Plaintiff's Response fails to address the issues raised in their Motion to Dismiss and continues to fail in stating a claim upon which relief may be granted. Again, they are correct. Plaintiff's Response is comprised of an apparently random listing of fragmented legal terminology and phrases such as "Cause of property loss by unlawful means by interfering with freedom of a third party," "Tortuous interference with emotional harm . . . ," and "Frauds, Deceitful Act, Race, Gender Bias, Ethnicity, Marriage Status, Biasness, Lack of cooperation, Communication and Prejudice." (ECF No. 28 at 2). As was the case with her Complaint, her Response fails to set forth a single factual allegation describing what either of these Defendants did, or failed to do, which violated her constitutional rights. As such, she again fails to state a cognizable claim for relief, and her claims against the Trustee Defendants must be dismissed. *See Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) (noting that "a gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like" fail to state a claim upon which relief can be granted).

## IV. CONCLUSION

For these reasons, IT IS ORDERED that the Trustee Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 10) is GRANTED and Plaintiff's claims against Defendants Babin and Graf are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 21st day of November 2019.

*/s/P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE