IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                            PLAINTIFF

v.                       Civil No. 2:19-CV-02116

SGT. CHRIS WATERS (Arkansas State                                           DEFENDANTS
Police); SHELLPOINT/CONTRYWIDE/BANK
OF AMERICA (Trustee/Home Loan
Serv/Banking and Loans); SENIOR
CORPORAL MICHAEL SPRINGER
(Supervisor/Investigating Officer); JOYCE
BRADLEY BABIN/NATASHA GRAF
(Chapter 13 Standing/Case Worker Trustee);
CHIEF JUDGE BEN T. BARRY (United States
Bankruptcy Court); JOHN MICHAEL
RAINWATER/BRIAN LIGHT
(Lawyers/Attorney); ALLISON HOUSTON
(State Prosecutor's Office/Fort Smith
Prosecutor's Office); JUDGE FITZHUGH
(Judge District Court of Greenwood);
NATIONSTAR MORTGAGE; MR. COOPER
MORTHAGE (Mr. Cooper Mortgage
Company); DANA BYRUM (District IV
manager for Stat[e] of Arkansas); NISSAN
MOTOR ACCEPTANCE CORP.; FARM
CREDIT SERVICES OF WESTERN
ARKANSAS (Andrea Leding Regional Vice
President) and LATISHA MEADOWS (DHS
Administrative Review Officer)

**OPINION AND ORDER**

Plaintiff proceeds in this matter *pro se*. Currently before the Court are Motions to Dismiss

for Failure to State a Claim by Defendant Barry (ECF No. 21), Defendants Waters, Springer,

Houston, Fitzhugh, Meadows, and Byrum ("State Defendants") (ECF No.'s 25, 63), and Nationstar

Mortgage ("Nationstar") (ECF No. 44).

# I. BACKGROUND

Plaintiff filed her Complaint on September 1, 2019. (ECF No. 1). Her sparse allegations appear to reference the condemnation of an unidentified parcel of real property. (*Id*. at 5-6). The entirety of her claim is as follows:

> "I Purchase the property in 2003 with my spouse, in 2004 I Started a Daycare to able to profit and make a Different, 2005-2006 Started Working on the building on the road to the daycare, got my daycare Address Register at 4513 Park Road next to my house, I send $500 to Bank of America in 2008 also I Survey the one Acre for the daycare Started my Garden and Rabbits farm to allowed the kids to eat healthy and allowed to to learn about the animal, they health, etc I pay about $75,000 within 10 years with all my work and Investment I have spend roughtlyabout $98,000
>
> Due to lack of accountability of Shellpoint, attorney Countrywide, Bank of America, Brian Light, the judge and Court not listening to me know Fema Condemn the house till I fix it up know I have more than a sick spouse to think about his health but to put a roof over his head[.]"

(*Id*. at 5) (errors in original). Plaintiff's Complaint is silent as to whether she proceeds against Defendants in their official or individual capacity. Plaintiff seeks monetary damages in the amount of $250,000. (*Id*. at 6).

Defendant Barry filed his Motion to Dismiss on October 15, 2019. (ECF No. 21). The State Defendants filed their Motion to Dismiss on October 17, 2019. (ECF No. 25). They then filed a Motion to Correct a scrivener's error on October November 6, 2019. (ECF No. 32). A corrected copy of the Motion was attached. (ECF No. 32-1). Nationstar filed its Motion to Dismiss on November 13, 2019. (ECF No. 44).

Plaintiff filed her Response to Defendant Barry and the State Defendants on October 23, 2019. (ECF No. 28). Plaintiff filed a Response to the Nationstar motion on November 25, 2019. (ECF No. 50).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires only that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. A pro se plaintiff's complaint is liberally construed, but it must still allege sufficient facts to support the plaintiff's claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

## III. ANALYSIS

Defendant Barry argues the claims against him should be dismissed because: (1) he is entitled to absolute judicial immunity as the Chief United States Bankruptcy Judge for the Western District of Arkansas; (2) Plaintiff states no factual allegations against him in her Complaint; and, (3) Plaintiff failed to perfect service upon him as required by law.[1] (ECF No. 21 at 1-2).

The State Defendants argue the claims against them should be dismissed because: (1) Plaintiff failed to perfect service of process upon them; (2) Plaintiff failed to identify any facts

---

[1] As Judge Barry is entitled to judicial immunity, it is not necessary to address his other arguments.

which would entitle her to relief from the State Defendants; (3) Judge Fitzhugh is entitled to absolute judicial immunity; (3) Judge Meadows is entitled to absolute judicial immunity; (4) Defendant Houston is entitled to prosecutorial immunity; (5) each State Defendant is entitled to sovereign immunity; and, (6) Plaintiff's Complaint fails to specifically allege any claims against the Defendants in their individual capacities, however, Defendants would be entitled to qualified immunity if she had done so.[2] (ECF No. 32-1).

Nationstar argues the claims against the company should be dismissed because Plaintiff failed to assert any causes of action or facts against them; instead, she merely named Nationstar as a Defendant. (ECF No. 44 at 1).

**A. Judicial Immunity – Judge Barry, Judge Fitzhugh and Judge Meadows**

Judge Barry is the Chief United States Bankruptcy Judge for the Western District of Arkansas. (ECF No. 21 at 1). Judge Fitzhugh is an Arkansas Circuit Court Judge. (ECF No. 26 at 9). Judge Meadows is an administrative law judge. (*Id*.). As such, all three judges are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.

---

[2] As the State Defendant are all entitled to judicial, prosecutorial, or sovereign immunity, it is not necessary to address their other arguments.

It is clear from the allegations of the Complaint that neither situation applies here. Plaintiff's claims against Defendants Barry, Fitzhugh and Meadows are subject to dismissal.

### B. Prosecutorial Immunity - Defendant Houston

As a prosecuting attorney, Defendant Houston is immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (internal quotation omitted)).

Plaintiff has provided no facts concerning Defendant Houston to indicate that she was acting outside her role as an advocate for the state. Defendant Houston is therefore immune from suit.

### C. Sovereign Immunity – State Defendants

Plaintiff's Complaint is silent as to the capacity in which she is suing Defendants. If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, that complaint must be interpreted as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

Plaintiff's official capacity claims against the State Defendants are subject to dismissal. State Defendant Judge Fitzhugh is named in his capacity as a circuit court judge. State Defendant

Meadows is named in her capacity as an administrative law judge. State Defendant Houston is named in her capacity as a state prosecutor. State Defendant Byrum is named in her capacity as a manager at the Arkansas Department of Career Education. State Defendant Waters is named in his capacity as an officer with the Arkansas State Police. State Defendant Springer is named in his capacity as an officer with the Arkansas State Police. An official capacity claim against a state employee is essentially a claim against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342(1979)). The State of Arkansas and its agencies have not consented to suit in federal court. Plaintiff's claims against the State Defendants are subject to dismissal.

### D. No Factual Allegations - Nationstar

Nationstar argues Plaintiff failed to allege any causes of action or facts against them; instead, she merely named Nationstar as a Defendant. Nationstar is correct. Plaintiff has not alleged any facts concerning Nationstar in the body of her Complaint. Instead, she merely listed Nationstar as a Defendant in the caption of the case. Because Plaintiff's Complaint does not allege specific facts showing anything Nationstar did, or failed to do, that would give Plaintiff some right to relief against them, her claims against Nationstar must be dismissed.

Plaintiff's Response to the Nationstar motion also fails to mention any alleged wrongdoing by them in the body of her Response. Instead, Plaintiff's Response is comprised of an apparently random listing of fragmented legal terminology and phrases such as "Defendant Nation star

Mortgage LLC d/b/a Mr. Cooper Mortgage both of these company have violated my Civil Rights along with my Constitutional Rights, General Rights, Human Rights, Discrimination, act of Fraud and other violations" and "Nation Star, Mr. Cooper and the Others Dependents want the courts to deprive me of my Constitutional Rights, Human Rights, Social Freedom and Equality." (ECF No. 50). As was the case with her Complaint, her Response also fails to set forth a single factual allegation describing what Nationstar did, or failed to do, which violated her constitutional rights. As such, she again fails to state a cognizable claim for relief, and her claims against Nationstar must be dismissed. *See Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) (noting that "a gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like" fail to state a claim upon which relief can be granted).

### IV. CONCLUSION

For these reasons, IT IS ORDERED that the Motions to Dismiss for Failure to State a Claim by Defendant Barry (ECF No. 21), Defendants Waters, Springer, Houston, Fitzhugh, Meadows, and Byrum ("State Defendants") (ECF No.'s 25, 63), and Nationstar Mortgage ("Nationstar") (ECF No. 44) are GRANTED and Plaintiff's claims against these Defendants are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 4th day of December 2019.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE