IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                                                    PLAINTIFF

v.                                         Civil No. 2:19-CV-02116

SHELLPOINT/COUNTRYWIDE/BANK OF                                                          DEFENDANTS
AMERICA (Trustee/Home Loan Serv/Banking
and Loans)

**OPINION AND ORDER**

Plaintiff proceeds in this matter *pro se*. Currently before the Court are Plaintiff's Motions for *in forma pauperis* status (ECF No's. 34, 45), Motion to Secure All Claims with a Small Brief to Support her Liability of Wrongdoing (ECF No. 51), Motion to Reconsider (ECF No. 66), Motion to Increase the Amount of her Damage Request and for Default Judgment (ECF No. 67), Motion for Extension of Time to Complete Discovery and to Postpone the Case for Six Months (ECF No. 69), and Motion to Amend Complaint (ECF No. 72).

**I. BACKGROUND**

Plaintiff filed her Complaint on September 1, 2019. (ECF No. 1). Her sparse allegations appear to reference the condemnation of an unidentified parcel of real property. (*Id*. at 5-6). The entirety of her claim is stated as follows:

> "I Purchase the property in 2003 with my spouse, in 2004 I Started a Daycare to able to profit and make a Different, 2005-2006 Started Working on the building on the road to the daycare, got my daycare Address Register at 4513 Park Road next to my house, I send $500 to Bank of America in 2008 also I Survey the one Acre for the daycare Started my Garden and Rabbits farm to allowed the kids to eat healthy and allowed to to learn about the animal, they health, etc I pay about $75,000 within 10 years with all my work and Investment I have spend roughtlyabout $98,000
>
> Due to lack of accountability of Shellpoint, attorney Countrywide, Bank of America, Brian Light, the judge and Court not listening to me know Fema Condemn

1

>the house till I fix it up know I have more than a sick spouse to think about his health but to put a roof over his head[.]"

(*Id*. at 5) (errors in original).  Plaintiff's Complaint is silent as to whether she proceeds against Defendants in their official or individual capacity.  Plaintiff seeks monetary damages in the amount of $250,000.  (*Id*. at 6).

Plaintiff paid the filing fee when she filed her Complaint, but then filed a document interpreted by the Court to be a Motion for Leave to Proceed *in forma pauperis* ("IFP").  (ECF No. 34).  On November 13, 2019, the Court entered an Order directing Plaintiff to file a completed IFP application (ECF No. 43), which she did on November 18, 2019.  (ECF No. 45).

Except for Defendants Shellpoint, Countrywide, and Bank of America, all Defendants in the case have been dismissed with prejudice because Plaintiff either failed to state a claim against them or they were entitled to various immunities from suit.  (ECF Nos's. 42, 47, 48, 49).

On November 25, 2019, Plaintiff filed her Motion to Secure All Claims with a Small Brief to Support her Liability of Wrongdoing.  (ECF No. 51).  On November 26, 2019, Plaintiff filed a Motion for Recusal, asking that the undersigned be removed from the case because the prior dismissals indicated a lack of fairness and impartiality.  (ECF No. 61).  This was denied on December 5, 2019.  In the Order denying the request, the Court thoroughly explained the deficiencies in Plaintiff's Complaint using language designed to aid a layperson in understanding the legal concepts involved.  (ECF No. 65).

On December 9, 2019, Plaintiff filed a Motion to Reconsider and a Motion to Increase the Amount of her Damage Request and for Default Judgment.  (ECF No's. 66, 67).  On December 18, 2019, Plaintiff filed a Motion for Extension of Time to Complete Discovery and to Postpone the Case for Six Months.  (ECF No. 69).  That same day, the Court entered an Order denying her Motion for Reconsideration.  (ECF No. 70).  The Order informed Plaintiff that if she wished to

amend her complaint to address the deficiencies identified in the Court's prior orders, she could request leave to do so. (*Id*.).

On January 3, 2020, Plaintiff filed a Motion to Amend her Complaint. (ECF No. 72). Plaintiff did not attach a proposed Amended Complaint to her motion. Instead, she appears to include her amended claims in the Motion. Plaintiff alleges no facts in her motion. Instead, she lists various legal conclusions and legal phrases, and she asks that the case be permitted to proceed directly to trial. (ECF No. 72 at 2-3).

Plaintiff attached a letter from Shellpoint dated November 14, 2019 to her motion, which states that her mortgage is seriously delinquent and advises her concerning the steps necessary to avoid foreclosure. (ECF No. 72-1). She also attached a letter from TD Auto Finance dated December 5, 2019 stating that her account had been sold. (ECF No. 72-2).[1]

## II. ANALYSIS

### A. Motion to Amend

The Court will first address Plaintiff's Motion to Amend (ECF No. 72), which will be denied for two reasons. (ECF No. 72). First, "granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate." *Popoalii v. Correctional Med. Services*, 512 F.3d 488, 497 (8th Cir. 2008). Here, Plaintiff failed to attach a proposed Amended Complaint to her Motion.

Second, assuming the statements included in her Motion are intended to act as her proposed amendments, her proposed amendments are futile. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether to grant or deny leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971).

---

[1] As TD Auto Finance is not a Defendant in this case, it is not clear why this letter was attached.

Factors to consider in determining whether leave to amend should be granted include, but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and, (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

Here, Plaintiff has been repeatedly advised that in order to submit a valid Complaint she must include allegations of fact to support her legal conclusions. Despite these explanations, Plaintiff's apparent amendments once again fail to set forth a single factual allegation describing what any Defendant did, or failed to do, which violated her constitutional rights. Instead, she again provides only a listing of legal conclusions peppered with the random inclusion of legal phrases. As such, she fails to state a cognizable claim for relief. *See Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) (noting that "a gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like" fail to state a claim upon which relief can be granted). Because Plaintiff fails to state any cognizable claims, her Motion to Amend (ECF No. 72) is DENIED as futile.

### B. Motions to Proceed IFP

The Court will next address Plaintiff's two IFP motions. (ECF No's. 34, 45). Based on her second, completed IFP application Plaintiff does not qualify for IFP status. To proceed *in forma pauperis* is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

In her second application, Plaintiff indicates that she receives a gross annual income of $5,763.25, $6,080.00 in Social Security Disability, and approximately $2,500.00 in contributions from family to her business. (ECF No. 45 at 1). Her income, considered alone, would qualify her for IFP status. However, she also indicates she holds assets in the approximate amount of $408,000, including "business property, houses, Berial Plat (sic), Automobile etc." She states, however, that some of these assets may have sustained damage during an unspecified "Storm."[2] (ECF No. 45 at 2). While her attempt to sue a bankruptcy judge and the letter attached to her Motion to Amend raise concerns that some of these assets may be part of a bankruptcy case or pending foreclosure, Plaintiff has not explained or attached any documentation to support these concerns, nor has she indicated how much the value of the property has changed due to storms or pending legal issues. Based solely on the allegations of her IFP application, Plaintiff does not qualify for IFP status because she stated she holds assets in excess of $400,000.

Even if Plaintiff financially qualified for IFP status, however, the merits of her Complaint would not survive the preservice screening required pursuant to 28 U.S.C.A. § 1915 for IFP Plaintiffs. As was discussed in the prior Orders dismissing Plaintiff's claims (ECF No's. 42, 47, 48, 49), Plaintiff either fails to state a claim upon which relief may be granted or seeks relief against a defendant who is immune from suit. The same applies to Shellpoint, Countrywide, and Bank of America, the sole remaining Defendants in this case. Plaintiff's only allegations against Shellpoint, Countrywide, and Bank of America are that they exhibited a "lack of accountability" and she sent $500 to Bank of America. (ECF No. 1 at 5). These allegations fail to state a claim of constitutional dimension. Plaintiff's Motions for IFP (ECF No's. 34, 45) must, therefore, be DENIED and her Complaint must be DISMISSED pursuant to § 1915 (e)(2)(B)(ii)-(iii).

---

[2] As stated in a prior Order, the Court is assuming that some of her property sustained damage during the historic flooding which occurred in the Fort Smith, Arkansas area during the Spring of 2019.

### C. Motion to Increase the Amount of her Damage Request and for Default Judgment

On December 9, 2019, Plaintiff filed a Motion to increase her damage request from Shellpoint, Countrywide, and Bank of America. She also asks for Default Judgment against Countrywide and Bank of America. (ECF No. 67). As Plaintiff has treated these three entities as one Defendant in the caption of her Complaint, the Court will consider her Motion for Default as applying to all three entities.

Plaintiff is correct that Shellpoint, Countrywide, and Bank of America have not filed a response in this case. The Federal Rules of Civil Procedure, however, require that a complaint be attached to each summons; that each Defendant must be served with that summons and complaint within 90 days from the date the complaint was filed; and, that Plaintiff must file proof of service with the Court. Fed. R. Civ. Pro. 4. Based on the record before the Court, Plaintiff has failed to meet any of these requirements.

Plaintiff filed copies of the summonses she presented to the clerk on September 23, 2019. (ECF No. 4). On November 7, 2019, she filed a document entitled Certificate of Service. (ECF No. 35). The document consists of a list of Defendants and their addresses, followed by photocopies of the certified mail receipts showing she had mailed items to a particular city, state, and zip code. (*Id*.). Plaintiff failed, however, to include copies of any return receipts indicating that any intended recipients had received the documents mailed. In fact, on November 12, 2019, Plaintiff filed a copy of the certified mail envelope sent to Countrywide, which indicated it had been returned as undeliverable. (ECF No. 40). Further, Responses filed by several Defendants indicated that Plaintiff failed to attach a copy of the Complaint to the summons. (ECF No's. 17 at 6; 22 at 4-5; 26 at 2-3).

Finally, Plaintiff filed her Complaint on September 19, 2019. (ECF No. 1). Her 90-day deadline to serve Defendants was December 18, 2019. Plaintiff did not request an extension of that date, nor has she made any allegations showing good cause for such an extension. As there is no indication that Defendants have been properly served, Plaintiff's Motion for Default Judgment (ECF No. 67) must be DENIED, and her Complaint must also be DISMISSED pursuant to Fed. R. Civ. Pro. 4(m).[3]

### III. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims against Shellpoint, Countrywide and Bank of America are DISMISSED WITH PREJUDICE. As these were the sole remaining Defendants in this case, Plaintiff's other pending Motions in the case are DENIED as MOOT.

IT IS SO ORDERED this 8th day of January 2020.

Judgment will be entered accordingly.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE

---

[3] Even if one assumes, *arguendo*, that Plaintiff properly served the remaining Defendants, her case must still fail for failure to state a plausible claim upon which relief may be granted.